UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| TRUSTEES OF THE BOSTON BUILDING SERVICE EMPLOYEES' TRUST FUND, Plaintiffs, v. STUART-DEAN CO., INC., Defendant. | C.A. No. |

## VERIFIED COMPLAINT

### NATURE OF ACTION

1. This is an action brought pursuant to §§502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and 1145 and §301 of the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. §185, by an employee benefit plan to collect contributions due to the plan under the terms of a collective bargaining agreement and memorandum of understanding.

### JURISDICTION

2. The Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 U.S.C. §§1132(a), (e) and (f), and concurrent jurisdiction pursuant to §301 of the LMRA, as amended, 29 U.S.C. §185, without respect to the amount in controversy or the citizenship of the parties.

### PARTIES

3. The Boston Building Service Employees' Trust Fund ("Fund") is an "employee welfare benefit plan" within the meaning of §3(3) of ERISA, 29 U.S.C. §1002(3). It provides health, dental, vision and prescription benefits and life insurance to participants. The Fund is

governed by its Trustees and is administered at 26 West Street, 3rd Floor, Boston, Massachusetts, within this judicial district. The Fund is a third-party beneficiary of a collective bargaining agreement between the Defendant Stuart-Dean Co., Inc. ("Stuart-Dean") and Service Employees International Union, Local 32BJ ("Union").

4. Defendant Stuart-Dean is a New York corporation with a principal place of business in Massachusetts at 371 Dorchester Avenue, Suite 175, Boston, Massachusetts and is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12) and within the meaning of §301 of the LMRA, 29 U.S.C. §185.

## GENERAL ALLEGATIONS OF FACT

5. On or about November 1, 2012, Stuart-Dean agreed in writing to be bound to a collective bargaining agreement ("CBA") with the Union. A true and accurate copy of the CBA is attached hereto as Exhibit A.

6. The CBA requires signatory employers to make contributions to the Fund for covered employees. See Ex. A at p. 10. The contribution rates are set each year by the Fund, effective January 1st of each year. Id. Contributions are due to the Fund on the fifteenth (15th) day of the month for which the contribution is being made. Id. at p. 11.

7. On or about May 23, 2015, Stuart-Dean entered into a Memorandum of Understanding ("MOU") with the Union amending certain terms of the CBA and extending the CBA through December 31, 2018. A true and accurate copy of the MOU is attached hereto as Exhibit B. The MOU requires the employer to continue making contributions to the Fund at the rates set by the Fund. See Ex. B at ¶ 4.

8. The Fund has a Delinquency Procedure which requires the imposition of penalties on delinquent contributions. Contributions not received by the Fund by the twentieth (20th) day of the month are subject to the imposition of either (1) interest at the prime rate as set by the Bank of America plus 3% or (2) late fees of $100 per day, whichever is greater. A true and accurate copy of the Delinquency Procedure is attached hereto as Exhibit C.

9. On or about November 29, 2017, the Fund notified Stuart-Dean of the 2018 contribution rates. The notice specified that delinquent contributions would be subject to the Fund's Delinquency Procedure. A copy of the Fund's letter to Stuart-Dean is attached hereto as Exhibit D.

10. During the months of April, May, and June 2018, Stuart-Dean submitted contributions to the Fund at rates lower than what is required under the contract. According to employee rosters submitted by Stuart-Dean for those months, it underpaid contributions to the Fund by $22,601.04.

11. In addition, because Stuart-Dean failed to make its full contributions payments to the Fund in a timely manner, it currently owes the Fund a late fee of $9,000 ($100 per day for 90 days from April 20, 2018).

### COUNT I - VIOLATION OF ERISA - DELINQUENT CONTRIBUTIONS

12. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 11 above.

13. The failure of Stuart-Dean to make payment of all contributions owed to Plaintiff Fund violates §515 of ERISA, 29 U.S.C. §1145.

14. Absent an order from this Court, Stuart-Dean will continue to ignore its obligations to remit the full amount of contributions it owes to the Fund.

15. A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C. §1132(h).

## COUNT II - VIOLATION OF COLLECTIVE BARGAINING AGREEMENT - DELINQUENT CONTRIBUTIONS AND LATE FEES

16. Plaintiff repeats and realleged each and every allegation contained in paragraphs 1 through 15 above.

17. The CBA and the MOU are contracts within the meaning of §301 of the LMRA, 29 U.S.C. §185.

18. The failure of Stuart-Dean to pay the full amount of contributions it owes to the Fund for the months of April, May, and June 2018 and to pay the $9,000 fee it owes for delinquent contributions violates the terms of the CBA.

**WHEREFORE**, Plaintiff requests this Court grant the following relief:

a. Enter a preliminary and permanent injunction enjoining Stuart-Dean from refusing or failing to pay the contributions and late fee owed to the Fund;

b. Enter judgment in favor of the Fund on Count I in the amount of $22,601.04, plus any additional amounts determined by the Court to be owed to the Fund or which may become due during the pendency of this action, together with late fees of $9,000 on the unpaid contributions, interest or liquidated damages in an amount equal to 20 percent of the total of unpaid contributions, whichever is greater, and reasonable attorney's fees and costs, all pursuant to 29 U.S.C. §1132(g)(2);

c. Enter judgment in favor of the Fund on Count II for the amount of $22,601.04 for the unpaid contributions for the months of April, May, and June 2018, plus $9,000 in late fees

for the delinquent contributions, and any additional amounts determined by the Court to be owed to the Fund or which may become due during the pendency of this action; and

    d.    Such further and other relief as this Court may deem appropriate.

Respectfully submitted,

TRUSTEES OF THE BOSTON BUILDING SERVICE EMPLOYEES' TRUST FUND,

By their attorneys,

/s/ Sasha N. Gillin
Donald J. Siegel, Esquire
  BBO No. 461500
Sasha N. Gillin, Esquire
  BBO No. 690769
SEGAL ROITMAN, LLP
33 Harrison Avenue, 7th Floor
Boston, MA  02111
(617) 742-0208, Ext. 258
sgillin@segalroitman.com

Dated: July 24, 2018

## VERIFICATION

I, Roxana Rivera, Trustee Chair of the Boston Building Service Employees' Trust Fund, verify that I have read the above Verified Complaint, and the factual allegations set forth therein are true and accurate based on my personal knowledge, except for those allegations based on information and belief, and, as to those allegations, I believe them to be true.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 23 DAY OF JULY 2018.

_____
Roxana Rivera